# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BLANCA IRIS SANTIAGO,**

    **Plaintiff,**

**v.**                                                               Case No:   6:16-cv-1861-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Blanca Iris Santiago (Claimant) appeals the Commissioner of Social Security's (Commissioner) final decision partially denying her application for disability benefits.  (Doc. 1). The Claimant raises two arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded to determine whether she is entitled to disability benefits for the period that the Administrate Law Judge (ALJ) found she was not disabled.  (Docs. 28 at 10-14, 19-21, 26; 30; 35).  The Commissioner agrees that the case should be reversed and remanded, but, as discussed in more detail below, the Commissioner argues that the case should be remanded for a *de novo* review of the Claimant's entire application for disability benefits – including the favorable portion of the Commissioner's final decision.  (Docs. 28 at 15-19, 22-26; 34)).  Upon review, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** so the ALJ may complete a *de novo* review of the Claimant's entire application for disability benefits.

## I. The Procedural History

### A. The Application for Benefits

This case stems from the Claimant's application for disability insurance benefits. (R. 130-34). The Claimant alleged a disability onset date of June 1, 2013. (R. 130). The Claimant's application was denied on initial review and on reconsideration. The matter proceeded before an ALJ, who issued her decision on April 21, 2015. (R. 13-31).

### B. The ALJ's Decision

The ALJ found that the Claimant suffers from the following severe impairments: arthritis of the hips with early bilateral avascular necrosis; fibromyalgia; inflammatory arthritis; mild bilateral carpal tunnel syndrome; obesity; chronic liver disease; chronic pancreatitis; diabetes mellitus; and hypertension. (R. 15). The ALJ also found that the Claimant suffers from the following non-severe impairments: affective disorder; and anxiety disorder. (R. 15-18). The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. (R. 18-20).

At step four of the sequential evaluation process, the ALJ found that the Claimant's residual functional capacity (RFC) prior to September 1, 2014 was limited to sedentary work as defined in 20 C.F.R. § 404.1567(a)[1] with the following specific limitations:

> [T]he claimant could lift or carry 10 pounds occasionally (up to one-third of the workday), stand or walk for 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant could occasionally stoop, kneel, crouch, and climb a ramp or stairs, but never craw, and never climb a ladder, rope, or scaffold. The claimant could not constantly handle or finger. Additionally, the claimant had to

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

avoid all exposure to extreme cold, extreme heat, excessive vibration, direct prolonged exposure to sunlight, and hazards such as work at heights or with dangerous moving machinery.

(R. 20). Based on this RFC, the ALJ found that, prior to September 1, 2014, the Claimant was able to perform her past relevant work as a receptionist. (R. 28-29). As such, the ALJ concluded that the Claimant was not disabled between her alleged onset date, June 1, 2013, through August 31, 2014. (R. 30).

The ALJ proceeded to find that the Claimant's RFC changed as of September 1, 2014. Specifically, the ALJ found that the Claimant continued to have the same functional limitations detailed above with an additional limitation of being off task for fifteen percent (15%) of the workday. (R. 28). Based on this new RFC, the ALJ found that, as of September 1, 2014, the Claimant was unable to perform her past relevant work and other work in the national economy. (R. 29-30). Thus, the ALJ concluded that the Claimant became disabled on September 1, 2014, and remained so through the date of the decision. (R. 30).

### C. The Appeal Council's Decision

The Claimant filed a request for review with the Appeals Council, stating:

[The Claimant] does not challenge the favorable decision regarding her disability and right to receive benefits. The only issue being challenged is the decision that [the Claimant] was not disabled prior to [September 1, 2014].

(R. 8). The Appeals Council denied the Claimant's request for review, (R. 1-3), and the ALJ's decision became the Commissioner's final decision.

### D. The Proceedings Before the District Court

#### 1. The Complaint

This case has had a very lengthy history before this Court. On October 25, 2016, the Claimant filed her complaint, in which she stated that she is not challenging "the favorable decision

regarding her disability and right to receive benefits." (Doc. 1 at ¶ 7). Instead, the Claimant stated that she is only appealing the Commissioner's final decision "that she was not disabled prior to September 14 [sic], 2014." (*Id*.). The complaint did not set forth any assignments of error. The Commissioner filed his answer and a copy of the administrative record on January 17, 2017 (Doc. 11). That same day, the Court issued its scheduling order, which set a deadline of June 7, 2017 for the filing of the Joint Memorandum (Doc. 14).

### 2. The Motion to Remand and its Denial

On May 10, 2017, the Commissioner filed a motion for entry of judgment and remand. (Doc. 17 (Motion to Remand)). In it, the Commissioner requested that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the following reason:

> [O]n remand, the Administrative Law Judge ("ALJ") will further evaluate the claimant's application for disability for the entire period at issue and, if warranted, provide further rationale to explain the reasons for the claimant's established onset date and, if necessary, obtain medical expert testimony to establish when the claimant became disabled.

(*Id*. at 1).

The Claimant filed a response, in which she agreed that the case should be remanded for further proceedings but noted that she did not appeal the favorable portion of the Commissioner's decision. (Doc. 18 at 1-2). Instead, the Claimant argued that the favorable portion of the Commissioner's decision should remain intact, and the proceedings on remand should be limited solely to determining whether the Claimant became disabled prior to September 1, 2014. (*Id*. at 1-2). In support, the Claimant cited several cases from this District that, according to her, addressed the same issue and ordered remands limited to review of only the unfavorable portion of the Commissioner's final decision. (*Id*. at 2 (citing *Adkins v. Comm'r of Soc. Sec.*, Case No. 6:16-cv-754-Orl-31TBS, 2017 WL 1289912 (M.D. Fla. Mar. 20, 2017) *report and recommendation adopted*

*by*, 2017 WL 1234828 (M.D. Fla. Apr. 4, 2017); *Holmes v. Comm'r of Soc. Sec.*, Case No. 5:16-cv-00499-PRL, 2017 WL 461604 (M.D. Fla. Feb. 3, 2017); *Rainey v. Comm'r of Soc. Sec.*, Case No. 5:15-cv-536-OC-PRL, 2016 WL 3193474, at *3 (M.D. Fla. June 9, 2016); *Shaff v. Comm'r of Soc. Sec.*, Case No. 6:15-cv-1350-ORL-TBS, 2016 WL 1714524, at *2 (M.D. Fla. Apr. 29, 2016); *Kropp v. Colvin*, Case No. 3:13-cv-158-J-JBT, Doc. 25 at 2-3 (M.D. Fla. Dec. 30, 2013)).

With leave of Court (Doc. 19), the Commissioner filed a reply brief in which he did not address the district court decisions relied upon by the Claimant. (*See* Doc. 20). Instead, the Commissioner acknowledged that "there is a question of whether substantial evidence supports the precise date of disability onset determined by the ALJ." (Doc. 20 at 3). The Commissioner argued that the ALJ's entire decision should be remanded so the ALJ could determine the proper disability onset date pursuant to the guidelines set forth in Social Security Ruling (SSR) 83-20. (*Id*. at 4-5 (citing SSR 83-20, 1983 WL 31249, (1983)).[2]

On June 5, 2017, the Court denied the Motion to Remand, stating:

> The Appeals Council has the authority to review, on its own motion, any decision of an ALJ provided it does so within sixty days of the date of a hearing decision or dismissal as set forth in 20 C.F.R. § 404.969(a). This review can be taken if "[t]he action, findings or conclusions of the administrative law judge ["ALJ"] are not supported by substantial evidence." 20 C.F.R. § 404.970(a)(3). This review authority includes the authority to review a partially favorable decision so long as the Appeals Council gives notice to the claimant "of its intent to re-examine issues not challenged by the claimant." *Kennedy v. Bowen*, 814 F.2d 1523, 1524 (11th Cir. 1987) (citing 20 C.F.R. § 404.973). Based on this law, the Appeals Council had the opportunity to review the ALJ's decision on its own motion, but it failed to do so. None of the case law cited by the Commissioner supports a finding that this Court should allow the Commissioner to do now what her Appeals Council failed to do within the time permitted by the regulations.

---

[2] The purpose of SSR 83-20 is to "state the policy and describe the relevant evidence to be considered when establishing the onset date of disability under the provisions of titles II and XVI of the Social Security Act (the Act) and implementing regulations." SSR 83-20, 1983 WL 31249, at *1.

(Doc. 21 at 2).

### 3. The Joint Memorandum and Reply

The case continued on the merits, and on July 21, 2017, the parties filed their Joint Memorandum. (Doc. 28). The Claimant raised two assignments of error. (*Id*.). First, the Claimant argued that the ALJ "failed to apply the correct legal standards to Dr. [Adnan] Akhtar's opinion and made findings not supported by substantial evidence." (*Id*. at 10-14). Second, the Claimant argued that the ALJ erred by not calling a medical expert to determine her disability onset date. (*Id*. at 19-21). In light of these assignments of error, the Claimant simply requested that the "case be remanded for further administrative proceedings." (*Id*. at 26).

In response to the second assignment of error and consistent with the arguments made in support of the Motion to Remand, the Commissioner, "concede[d] that remand is appropriate for an ALJ to further evaluate the entire period at issue, including the period in which Plaintiff has been found disabled, and if warranted, provide further rationale, including the use of a medical expert, to explain the reasons for Plaintiff's established onset date." (*Id*. at 22). The Commissioner reiterated its prior request that the case be remanded for a *de novo* review of the Claimant's entire application for disability benefits. (*Id*. at 26). The Claimant filed a permitted reply brief on August 4, 2017 which reasserted her contention that the case should be remanded solely to review the unfavorable portion of the Commissioner's final decision. (Doc. 30).

### 4. The Stay

On June 13, 2017, the Commissioner moved to stay the case pending the Eleventh Circuit's ruling in another social security disability case, *Milam v. Berryhill*. (Doc. 22). The Commissioner argued that the *Milam* case addressed the propriety of vacating a partially favorable decision in its entirety following a remand from the district court. (*Id*.). The Claimant opposed the stay. (Doc.

23). The Court initially denied the motion to stay on the basis that it would not guide the outcome of this case. (Doc. 24). Following the filing of the Joint Memorandum however, the Court learned that the *Milam* case had been fully briefed. Based on the unique circumstances of this case, on February 8, 2018 the Court stayed and administratively closed the case pending the Eleventh Circuit's ruling in *Milam*. (Doc. 31).

### 5. The Supplemental Briefing

The Eleventh Circuit entered its decision in *Milam* in May 2018. *Milam v. Comm'r of Soc. Sec.*, 734 F. App'x 697 (11th Cir. 2018). In July 2018, the Court reopened the case and provided the parties with an opportunity to submit supplemental briefing concerning the effect of the *Milam* decision on this case. (Doc. 33). Each party filed a supplemental brief, (Docs. 34; 35), as well as a joint notice that the case was now fully briefed. (Doc. 38). This case is now ripe for review.

## II. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the

reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

The Claimant raises the following two assignments of error: 1) the ALJ failed to apply the correct legal standards to Dr. Akhtar's opinion; and 2) the ALJ erred by failing to call a medical expert to establish the Claimant's disability onset date. (Doc. 28 at 10-14, 19-21). The parties agree that the matter should be reversed and remanded for further proceedings based on the issue raised in the second assignment of error, but they disagree as to the scope of the remand. (*See* Docs. 28 at 19-26; 30; 34; 35). The Court will therefore begin with the second assignment of error.

### A. The Disability Onset Date

The second assignment of error involves two distinct issues. First, the Court must determine whether the ALJ's determination concerning the Claimant's disability onset date is supported by substantial evidence. Second, if the ALJ's determination is not supported by substantial evidence, the Court must determine the proper scope of the remand. The Court will address each issue in turn.

#### 1. The ALJ's Determination Regarding the Disability Onset Date

The Claimant contends that the ALJ "randomly" selected her disability onset date without relying on any medical expert testimony. (Doc. 28 at 21). The Claimant maintains that the ALJ should have obtained medical expert testimony in accordance with SSR 83-20 in order to establish her disability onset date. (*Id.*). Since the ALJ failed to do so, the Claimant argues that the ALJ did not apply the correct legal standards and her decision with respect to the disability onset date is not supported by substantial evidence. (*Id.*).

The Commissioner does not take a clear stance on whether the ALJ's decision concerning the disability onset date is (or is not) supported by substantial evidence. (*Id*. at 22-26). Instead, the Commissioner appears to only concede that the ALJ could have done a better job in supporting her determination that the Claimant did not become disabled until September 1, 2014. (*Id*.). The Commissioner therefore agrees that the case should be remanded so the ALJ can reassess the Claimant's disability onset date. (*Id*.).

The Social Security Ruling the Claimant relies on states, in relevant part, as follows:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

SSR 83-20, 1983 WL 31249, at *3.

The ALJ explained the following in support of her finding that the Claimant became disabled on September 1, 2014:

> As previously discussed, the undersigned finds that, prior to September 1, 2014, the claimant had the physical residual functional capacity to perform sedentary work. In mid-2014, she reported worsening overall pain symptoms. On September 11, 2014, Dr. Lodhi ordered a muscle biopsy for possible myositis; biopsy results showed changes consistent with mild denervation (Exhibit 12F/45). Global weakness was noted on examination (Exhibit 18F and 20F). Moreover, on September 11, 2014 and December 16, 2014, Dr. Lodhi noted that the claimant had multiple tender points, along with obesity with weights of 176 and 179 pounds (respectively) at a height of 5 feet 4 inches and BMIs of 30.21 and 30.72 (Exhibit 12F/34, 44). On December 3, [2]014, the record at the Center for Digestive Liver Disease (CDLD) also noted that the claimant complained of having severe right upper quadrant (RUQ) pain, along with nausea (Exhibit 13F/1). Additionally, on December 31, 2014, an endosonogram revealed changes consistent with moderate to severe chronic pancreatitis in the entire pancreas (Exhibit 14F/15).

> The undersigned has viewed the above evidence since September 2014, in conjunction with the claimant's testimony. The claimant testified that she has ongoing abdominal pain and must spend the day lying down or sitting in a recliner. The record during this period shows increasing complaints of weakness with global weakness noted on examination, as well as evidence of denervation of the muscles and moderate to severe chronic pancreatitis. Thus, the undersigned further finds that, beginning September 1, 2014, the claimant no longer has the physical residual functional capacity to perform a range of sedentary work, as her combined impairments of pain and fatigue would result in her being off task 15% of the workday.

(R. 28).

The Claimant contends that the medical evidence predating September 1, 2014 contained "the same findings" as the evidence the ALJ relied on in determining that the Claimant became disabled on September 1, 2014. (Doc. 28 at 21). Given this consistency, the Claimant argues that the ALJ should have retained a medical expert to opine on the disability onset date. (*Id.* (citing SSR 83-20)). Absent such an opinion, the Claimant argues that the ALJ's otherwise "random" determination that her RFC changed on September 1, 2014 is not supported by substantial evidence. (*Id.*). The Court agrees.

The ALJ found that the Claimant's RFC changed based on: 1) the Claimant's testimony; 2) the Claimant's reports of worsening pain in the middle of 2014; 3) observations of multiple trigger points and obesity in September and December 2014; 4) an observation of global weakness in late 2014; 5) complaints of severe right upper quadrant pain in December 2014; and 6) a test showing a worsening of the Claimant's pancreatitis in December 2014. (R. 28). The record evidence, however, does not support the ALJ's first three reasons. First, none of the Claimant's testimony can be construed as having shown a change in her condition on or about September 1, 2014. (*See* R. 41-55). Second, the Claimant's treatment notes show that she has been complaining of worsening pain as far back as September 2013. (R. 447-78, 492-94). Third, the same treatment notes show that the Claimant has suffered from multiple trigger points and obesity as far back as

September 2013. (*Id.*). In light of the foregoing, the Court finds that the ALJ's first three reasons, are not supported by substantial evidence and do not support her onset determination.

The final three reasons supporting the ALJ's onset determination are supported by the record evidence, (R. 508, 533, 563), but the Court is not persuaded that these reasons substantially support the September 1, 2014 onset date. The final three reasons focus primary on medical observations/testing that suggested a worsening of some of the Claimant's impairments sometime after September 1, 2014. (*Id.*). While the ALJ may infer the onset date based on the medical evidence of record, it is unclear how the ALJ could reasonably do so based on the objective medical tests that she discussed in her decision. Given the nature of such evidence, the Court finds that the ALJ should have called a medical expert at the hearing to determine the Claimant's disability onset date. *See* SSR 83-20, 1983 WL 31249, at *3 ("At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred."). Absent testimony from a medical expert who could interpret the significance of the medical testing on which the ALJ relied, the Court finds that the ALJ's final three reasons, while supported by the record, do not constitute substantial evidence to support the ALJ's onset determination.

In summary, the Court finds – and the Commissioner does not really contest – that the ALJ's determination that the Claimant became disabled on September 1, 2014 is not supported by substantial evidence. As discussed in more detail below, the Court finds that the case should be remanded to the Commissioner so the ALJ may complete a *de novo* review of the Claimant's entire application for disability benefits. In doing so, the ALJ must call a medical expert to aid in the determination of when the Claimant's RFC changed (if it changed at all).

## 2. The Scope of the Remand

The Commissioner maintains – as he has throughout this case – that the Claimant "has put the entirety of the ALJ's decision in peril by appealing the decision and the Commissioner should have the authority to evaluate the entire decision on remand." (Doc. 28 at 22).[3] The Commissioner argues that the Court's reasons for denying the Motion to Remand do not now prohibit the Court from remanding this case for a *de novo* review of the Claimant's entire application for disability benefits. (*Id*. at 22-23). Further, the Commissioner argues that following remand from federal court the ALJ is not bound by its previous decision, may review the entire matter, and can take any additional actions so long as they are not inconsistent with the Appeals Council's remand order. (*Id*. at 23-25) (citing 20 C.F.R. §§ 404.983, 404.977(b); Social Security Administration Programs Operations Manual System (POMS), GN § 03106.036(A);[4] HALLEX, I-2-8-18(A) (2016);[5] *Gibbs v. Barnhart*, 130 F. App'x 426, 430 (11th Cir. 2005); *Houston v. Sullivan*,

---

[3] The Court has elected to discuss the Commissioner's argument first since he was the first to raise the issue in the Joint Memorandum (Doc. 28 at 22-26), with the Claimant responding to the argument in a subsequent reply (Doc. 30).

[4] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

[5] "The Hearings, Appeals and Litigation Law Manual ("HALLEX") is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members." *Howard v. Astrue*, 505 F. Supp. 2d 1298, 1300 (S.D. Ala. 2007) (citing *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000)). The Eleventh Circuit has not decided whether the HALLEX carries the force of law, but its decisions addressing the issue have cast doubt as to whether it does. *See, e.g., McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599-600 (11th Cir. 2016); *see also Tarver v. Astrue*, No. CA 10-0247-C, 2011 WL 206217, at *3 (S.D. Ala. Jan. 21, 2011) ("there is uncertainty-based on a split among the Courts of Appeals, as well as between the District Courts in the Eleventh Circuit-as to whether or not that HALLEX creates judicially-enforceable rights").

895 F.2d 1012, 1015 (5th Cir. 1989); *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987)). The Commissioner argues that this case is a "prime example" of why a *de novo* review on remand is important, because the ALJ will need to review the entire record (and perhaps obtain new evidence) to determine the onset date, which could support an earlier onset date, the same onset date, a later onset date, or no disability at all. (*Id*. at 25-26).

The Claimant contends that the reasoning in the Court's order denying the Motion to Remand – as well as the authority she cited in her opposition to the Motion – remains applicable and the Court should continue to apply that reasoning and authority and only reverse and remand the unfavorable portion of the Commissioner's final decision. (Doc. 30 at 1-2 (citing 42 U.S.C. 405(g)). The Claimant further argues that the law of the case doctrine mandates that the Commissioner comply with any Order limiting the scope of remand. (*Id*. at 2-3 (citing *This That & The Other Gift & Tobacco, Inc. v. Cobb Cty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006)).

A federal court, has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court has "the authority to limit the scope of remand to the Commissioner by specifying the actions to be, and not to be, taken by the ALJ." *Shaff*, 2016 WL 1714524, at *2 (citing *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y 2008) (citing *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989))). Given the unique circumstances of this case – in particular the issues that require further proceedings – the Court finds that a remand of the entire application for disability benefits for *de novo* review (including the favorable portion of the decision) is appropriate.

The Court agrees with the Commissioner's argument that a *de novo* review of the Claimant's entire application for disability benefits is necessary because by challenging the ALJ's onset

determination, the Claimant has necessarily placed the favorable portion of the Commissioner's decision at issue.[6] As discussed above, the Court has concluded that the ALJ's onset determination was not supported by substantial evidence and the case must therefore be reversed and remanded so the ALJ can call a medical expert to aid in determining when or if the Claimant's RFC changed. The medical expert may opine that the Claimant's RFC changed (if it changed at all) before, on, or after September 1, 2014. If the medical expert opines that the Claimant's RFC changed after September 1, 2014 and the ALJ relies on that opinion, the Claimant's argument to limit the scope of remand would prohibit the ALJ from finding a later onset date, even if that decision is supported by substantial evidence. The ALJ should not be so limited, especially when the Claimant has shown that the ALJ committed reversible error where the original onset determination was not supported by substantial evidence.[7] *Cf. Shaff*, 2016 WL 1714524, at *2 (granting remand but limiting the scope of the Commissioner's review to the unfavorable portion of the Commissioner's final decision because "[i]n the absence of a showing that the ALJ committed reversible error the Court is not persuaded that the Commissioner should be allowed to revisit that part of the ALJ's decision awarding Plaintiff benefits."). To find otherwise would obfuscate the Commissioner's responsibility to render a final decision that is supported by substantial evidence. *See* SSR 83-20,

---

[6] The Commissioner appears to alternatively argue that remand for a full *de novo* review is automatic simply by virtue of the Claimant's appeal to this Court. (Doc. 28 at 22). However, the Commissioner has not only failed to provide any authority for this bald assertion, but this argument ignores the decisions discussed above, which provide the Court with the authority to determine the scope of the remand, and where appropriate authorize limited remands.

[7] This is particularly true based on the Claimant's contention that the ALJ "randomly selected" the onset date. To argue that the onset date was randomly selected and then request the scope of remand be limited to the unfavorable portion of the ALJ's decision is illogical, since limiting the scope of the remand could result in another random onset date if the evidence developed on remand (including the medical expert's testimony) supports a finding for a later onset date.

1983 WL 31249, at *1 ("[I]t is essential that the onset date be correctly established and supported by the evidence."). Therefore, under the circumstances of this case, the Court finds that the case should be remanded to the Commissioner so the ALJ may complete a *de novo* review of the Claimant's entire application for disability benefits so she may properly determine the Claimant's onset date.

The Court is also not persuaded that it is bound by its ruling on the Motion to Remand. The case is in a different posture than it was when the Court decided that motion. The Motion to Remand was a preemptive attempt by the Commissioner to appeal his own final decision *before* the Claimant had an opportunity to raise her assignments of error and *before* the Court had an opportunity to rule on the assignments of error. (*See* Docs. 17; 21). Now, however, the Court has considered the merits of the appeal, has determined that the ALJ's onset determination is not supported by substantial evidence, and found that the case must be remanded for further proceedings. (*See supra* pp. 10-11). Thus, this is no longer a situation where the Commissioner seeks to appeal his own decision without a finding of error; error has been found and must be addressed on remand. *Cf. Shaff*, 2016 WL 1714524, at *2.[8]

---

[8] For this same reason, the Court finds the five district court decisions cited by the Claimant to be distinguishable. Each of the decisions were in a different procedural posture than the present case. In four of the cases – *Kropp*, *Rainey*, *Holmes*, and *Shaff* – the district courts were each faced with a situation where the parties were either contesting (or the court itself determined) that a remand was warranted with respect to the onset date but had not found any reversible error otherwise. In other words, the cases were at an earlier stage than the present case, there had been no resolution of any substantive claims of error, and more significantly, there had been no finding that the ALJ had erred in determining the onset date (*i.e.*, no finding that the determination was not supported by substantial evidence). In the present case, however, the Court has found that reversible error did occur, and that error directly involves the determination of the onset date. *See Shaff*, 2016 WL 1714524 at * 2 ("In the absence of a showing that the ALJ committed reversible error the Court is not persuaded that the Commissioner should be allowed to revisit that part of the ALJ's decision awarding Plaintiff benefits."). If anything, these decisions only further establish the Court's authority to determine, in its discretion, the scope of remand. *Cf. John A. v. Comm'r, Soc. Sec.*

Lastly, both the Claimant and the Commissioner reference the Eleventh Circuit's decision in *Milam*. (Docs. 34; 35). The Court has reviewed *Milam* and finds that it is procedurally distinguishable on many levels and is therefore not dispositive with respect to either side's arguments. For example, while the district court in *Milam* issued a broad remand that was not limited to review of only the unfavorable portions of the disability determination, the plaintiff did not object to or challenge the full remand, therefore the question of whether a court has the authority to issue a limited remand and in what circumstances was not before *Milam*. *Milam*, 734 F. App'x at 699. Moreover, the legal issues that were addressed in *Milam* – res judicata and due process – are not at issue in the present case. *Id*. at 699-700. If anything, the Court reads *Milam* to implicitly support this Court's authority to issue a full remand of the entirety of the Commissioner's decision.

In summary, the Court finds that the Claimant has neither convincingly argued nor cited any authority that supports a limited remand under the unique circumstances of this case. In the absence of such argument and authority and considering the Court's general authority to define the scope of the remand, the Court finds that the case should be remanded for a *de novo* review of the Claimant's entire application for disability benefits so the ALJ may reconsider – among other things – the Claimant's disability onset date.[9]

---

*Admin.*, No. 3:17-cv-00141-RGV, 2019 WL 994970, at *14-16 (N.D. Ga. Feb. 19, 2019) (finding the onset date selected by the ALJ was not supported by substantial evidence and reversing and remanding the Commissioner's final decision, which was partially favorable to the claimant, without any limitation as to the scope of remand); *King v. Colvin*, No. 1:13-cv-00123-MP-GRJ, 2014 WL 2991188, at *3-4 (N.D. Fla. July 3, 2014) (similar). The fifth case, *Adkins*, involved a finding of reversible error with respect to step three of the sequential evaluation process, and the determination of the onset date was not at issue.

[9] The Court's ruling on the second assignment of error is dispositive of the appeal. Because the ALJ will have to reassess the entire record on remand – including Dr. Akhtar's opinion – there is no need to further address the Claimant's first assignment of error. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir.

## V. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner shall retain a medical expert in accordance with SSR 83-20 to opine on the Claimant's disability onset date.

3. The Clerk is **DIRECTED** to enter judgment for the Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2019

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary C. Montanus
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801

---

1983) (on remand the ALJ must reassess the entire record).